# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

| CASE NUMBER: | JUDGE: |
|---|---|

TRUSTMARK LIFE INSURANCE COMPANY,

        Plaintiff,

v.

BRETT GORMAN, MARC KOMORSKY, AND DOES 1-10,

        Defendants.

**COMPLAINT FOR INTERPLEADER**

Interpleader Plaintiff Trustmark Life Insurance Company ("Trustmark"), by and through its undersigned counsel, for its Complaint for Interpleader Relief hereby states the following claim pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. 22 against Defendants/Claimants Brett Gorman and Marc Komorsky (collectively "Claimants"). In support thereof, Trustmark avers as follows:

## INTRODUCTION

1. This is an interpleader proceeding by which Trustmark seeks a determination from the Court regarding the proper beneficiary of the death benefit proceeds payable on a life insurance policy (Policy No. JT 1158) (the "Life Insurance Policy") with an initial face value of $200,000 and a Critical Illness and Cancer Protection Policy (Policy No. JZ 6338) (the "Critical Illness Policy") with a $64,350 benefit issued by Trustmark to Cory Gorman

("Decedent") (collectively the "Policies"). Trustmark seeks interpleader relief to avoid incurring multiple liability resulting from the Claimants' dispute.

## PARTIES

2. Plaintiff Trustmark is a corporation duly organized and existing under the laws of the State of Illinois and maintains its principal place of business in Lake Forest, Lake County, Illinois. Trustmark is duly licensed to transact business in the State of Florida, but for jurisdictional purposes, is a citizen of the State of Illinois.

3. Upon information and belief, prior to his death, the Decedent's was a citizen of the State of Florida, residing in Palm Beach County, Wellington, Florida.

4. Upon information and belief, Claimant Brett Gorman ("Brett Gorman") is an individual and citizen of the State of Florida, currently residing in Willington, Florida.

5. Upon information and belief, Claimant Marc Komorsky ("Marc Komorsky") is an individual and citizen of the State of New York, currently residing in Poughkeepsie, NY 12603.

6. Trustmark is unaware of the true names and capacities of defendants sued herein as Does 1 through 10, and, therefore, sues these Defendants by such fictitious names. Trustmark will amend this Complaint to allege the true names and capacities of these defendants when ascertained. Upon information and belief, each of the fictitiously named defendants, Does 1 through 10 inclusive, are heirs to the Decedent's estate or otherwise have viable claims to the benefits under the Policies.

## JURISDICTION AND VENUE

DMS_US.372141479.2

7.  This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1335 because minimal diversity exists as there are at least two Defendants/Claimants of diverse citizenship and the amount in controversy exceeds the sum of $500, exclusive of interest and costs.

8.  Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1397 because at least one of the Claimants resides in this judicial district.

## FACTUAL BACKGROUND

9.  On or around October 23, 2006, Decedent applied for a Flexible Premium Adjustable Life Insurance Policy (the "Life Insurance Application") with Trustmark. A true and correct copy of the Life Insurance Application is attached hereto as **Exhibit A.**

10. Pursuant to the Life Insurance Application, the Decedent designated his brother, Brett Gorman, as the primary beneficiary, and his father, Louis Gorman, and mother, Sandra Gorman, as contingent beneficiaries. *See id.*

11. On February 1, 2007, Trustmark issued Decedent the Life Insurance Policy. A true and correct copy of the Life Insurance Policy is attached hereto as **Exhibit B.**

12. On or around October 25, 2007, Decedent applied for a Critical Illness and Cancer Coverage Protection Insurance Policy (the "Critical Illness Application"). A true and correct redacted copy of the Critical Illness Application is attached hereto as **Exhibit C.**

13. The Critical Illness Application did not list any beneficiaries. *See id.*

14. On February 1, 2008, Trustmark issued the Critical Illness Policy to Decedent. A true and correct copy of the Critical Illness Policy is attached hereto as **Exhibit D.**

15. On October 6, 2008, Decedent applied for additional riders to the Life Insurance Policy. A true and correct copy of the application is attached as **Exhibit E.** The additional riders became effective on February 1, 2009.

16. On April 11, 2013, Trustmark notified Decedent that it was increasing the benefit amount of the Critical Illness Policy to $64,350, effective May 1, 2013. A true and correct copy of the Critical Illness Policy increase notification is attached hereto as **Exhibit F.**

17. On or around September 27, 2016, a Beneficiary Designation Form was submitted to Trustmark designating Decedent's mother, Sandra Gorman and Decedent's brother Gorman as co-primary beneficiaries in equal shares for the Critical Illness Policy. A true and correct copy of the September 27, 2016 Beneficiary Designation Form is attached hereto as **Exhibit G.**

18. On February 29, 2024, a Beneficiary Designation Form was submitted to Trustmark designating Claimant Marc Komorsky as the sole primary beneficiary on the Policies. A true and correct copy of the February 29, 2024, Beneficiary Designation Form is attached hereto as **Exhibit H.**

19. On June 2, 2025, the Decedent passed away. A true and correct copy of Decedent's Death Certificate is attached hereto as **Exhibit I.**

20. On June 3, 2025, Marc Komorsky called Trustmark to report the Decedent's death.

21. On June 11, 2025, Trustmark received a completed Death Benefit Claim Form from Marc Komorsky seeking benefits from the Life Insurance Policy. A true and correct copy of the claim form is attached hereto as **Exhibit J.**

22. On June 14, 2025, Brett Gorman created an online account utilizing the Decedent's information to obtain information regarding the Policies and the Policies' benefits.

23. On June 16, 2025, Marc Komorsky called Trustmark to alert Trustmark to the creation of an account for the Decedent by Brett Gorman. On the same day, Brett Gorman called Trustmark to request beneficiary information under the Policies.

24. On June 18, 2025, Trustmark received a completed Death Benefit Claim Form from Marc Komorsky seeking benefits from the Critical Illness Policy. A true and correct copy of the claim form is attached hereto as **Exhibit K**.

25. On June 20, 2025, Brett Gorman was appointed as the personal representative of the Estate. A true and correct copy of the Letter of Administration appointing Brett Gorman as the personal representative of the Estate is attached hereto as **Exhibit L.**

26. On June 24, 2025, Trustmark had a telephone conversation with Brett Gorman's retained counsel wherein the counsel inquired about beneficiary information for the Policies. During this call, Trustmark disclosed the beneficiary policy information pertaining to the Policies.

27. On June 25, 2025, Trustmark had a telephone conversation with Marc Komorsky advising of the disclosure of Marc Komorsky's information as the beneficiary under the Policies and subsequent harassment Marc Komorsky was receiving from Brett Gorman regarding the Policies.

28. On June 26, 2025, Brett Gorman, through retained counsel, sent a letter to Trustmark requesting confirmation of the change of beneficiary on the Policies to Marc Komorsky. A true and correct copy of this letter is attached hereto as **Exhibit M.**

29. On July 2, 2025, Brett Gorman, through retained counsel, sent Trustmark a letter requesting additional information on the beneficiary changes of the Policies. A true and correct copy of this letter, including attachments, is attached hereto as **Exhibit N.**

30. The July 2, 2025, letter indicated that Brett Gorman found two Change of Beneficiary Forms applicable to the Policies, both dated February 29, 2024, with one electing Marc Komorsky as the sole beneficiary of the Policies, and the other electing Marc Komorsky and Sandra Gorman as co-primary beneficiaries of the policies. *See id.*

31. The July 2, 2025, letter indicated the conflicting Change of Beneficiary Forms "has caused confusion and could result in the filing of a lawsuit." *See id.*

32. Trustmark has yet to process the claims or remit the Policies' benefits due to the conflicting Change of Beneficiary Forms brought to its attention by Brett Gorman.

33. Due to the conflicting Change of Beneficiary Forms which impact the payment of the Policies' benefits, it was necessary for Trustmark to retain counsel to file this interpleader and seek this Court's direction for remitting the Policies' benefits.

34. The retention of counsel and filing of this interpleader is not within the ordinary course of business for Trustmark in its payment of proceeds under policies.

35. Trustmark cannot be the arbiter of fact in this matter nor pay any Defendant/Claimant without subjecting itself to multiple liability with regard to the Policy and the Proceeds.  Thus, Trustmark comes to this Court in good faith to ask that this Court determine the proper recipient(s) of the benefits under the Policies.

## COUNT I

36. Trustmark incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

37. Trustmark has established that there are competing claims to the Policies' benefits through: (1) Marc Komorsky's submitted claims forms for the Policies' benefits, and (2) Brett Gorman's letter establishing conflicting Change of Beneficiary Forms.

38. The Southern District has stated that the "adverse claims need not be formal, and the stakeholder need not judge the merits of the claims." *Primerica Life Ins. Co. v. Rudolph*, 2019 WL 7762116, at *2 (S.D. Fla. June 17, 2019) (quoting *Ohio Nat'l Life Assurance Corp. v. Langkau*, 2006 WL 3162354, at *2 (M.D. Fla. Nov. 2, 2006).  The Southern District has also stated that "a stakeholder need only 'demonstrate that he has been or may be subjected to adverse claims.' … It is enough that the claims *could* bring about multiple liability." *Id.* (quoting *Dunbar v. United States*, 502 F.2d 506, 511 (5th Cir. 1974)) (emphasis in original).

39. Due to the potential for competing claims to the Policies' benefits, Trustmark is at risk of multiple liability if it pays the Policies' benefits to Marc Komorsky.

40. Trustmark is a disinterested stakeholder and claims no title or interest in the Policies' benefits and is unable to determine which individual or entity may be entitled to the Policies' benefits without risk of future liability.

41. Trustmark now seeks, by way of this interpleader, certainty regarding the Claimants' rights to receive the Policies' benefits.

42. Trustmark is prepared to deposit the Policies' benefits to the Court Registry or otherwise retain the Policies' benefits until the Court makes a determination as to the distribution of the Policies' benefits and issues a final non-appealable order.

43. Unless potentially adverse and conflicting claims to the Policies' benefits are disposed of in a single proceeding pursuant to an appropriate court order, Trustmark is subject to multiple litigation and is at a substantial risk of suffering multiple liability and/or inconsistent rulings as to its liability for the Policies' benefits.

44. Trustmark reserves the right to defend all claims against it, if any, once an appropriate court order is entered regarding the proper beneficiary or beneficiaries of the Policies' benefits, or in the event that the requested interpleader relief is not granted.

45. Trustmark also reserves the right to defend against claims not provided for or covered by this interpleader action, if any, should a court order or judgment relating to this interpleader not fully discharge and release Trustmark from liability regarding the benefits under the Policies.

46. Trustmark is entitled to reasonable attorneys' fees because it is a disinterested stakeholder in this action. *See, e.g., Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L.*, 699 F.Supp.2d 1344, 1349–50 (S.D. Fla. 2010) (citing *Sentinel Fire Ins. Co.*, 178

F.2d 217, 236 (5th Cir. 1950)); *Primerica Life Ins. Co. v. Kennerly*, 2013 WL 12091623 at *1–2 (S.D. Fla. April 17, 2013); *John Hancock Life Ins. Co. v. Friedman*, 2021 WL 5094743, at *1 (S.D. Fla. May 7, 2021).

47.   This complaint is filed in good faith and not in collusion with the Defendants/Claimants.

## RELIEF REQUESTED

**WHEREFORE,** Trustmark respectfully requests that the Court:

(a)   Order Defendants/Claimants to interplead and settle their respective rights and claims to the Policies' benefits under the Policies without further involvement of Trustmark;

(b)   enjoin and restrain Defendants/Claimants from commencing or further prosecuting any other proceedings in any state of United States Court against Trustmark on account of the Policies and/or the Policies' benefits;

(c)   fully and finally discharge and dismiss Trustmark from this litigation and any and all liability in connection with, arising out of, or relating to this action, the Policies, and the Policies' benefits;

(d)   direct and declare the respective rights of Defendants/Claimants with respect to the Policies' benefits, and direct and declare to whom the Policies' benefits should be made;

(e)   award Trustmark its attorneys' fees, disbursements, and all other proper costs and charges incurred in connection with this action; and

(f)   award such other and further relief as it may deem just and proper.

Dated: August 1, 2025

Respectfully Submitted,

 /s/ Traci T. McKee
Traci T. McKee, Esq.
Florida Bar No. 53088
Faegre Drinker Biddle & Reath, LLP
1500 Jackson St., Suite 201
Fort Myers, Florida 33901
T: 239-286-6900
F: 239-244-9053
Traci.mckee@faegredrinker.com
Amy.catena@faegredrinker.com

*Attorney for Interpleader Plaintiff, Trustmark Life Insurance Company*

-11-

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on August 1, 2025, this document was filed with the Clerk of Court of the Southern District of Florida by electronically filing the document through the CM/ECF system and personally served on all parties via process server at the below addresses.

Brett Gorman
11705 Bay Breeze Court
Wellington, FL 33414

Marc Komorsky
24 Michaels Lane
Poughkeepsie, NY 12603

*/s/ Traci T. McKee*
Traci T. McKee, Esq.