UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PLAM BEACH DIVISION

TRUSTMARK LIFE INSURANCE COMPANY,

      Plaintiff,                                     Case No. 9:25-cv-80965-DMM

      v.

BRETT GORMAN, MARC KOMORSKY,
AND DOES 1-10,

      Defendants.

_____/

**DEFENDANT MARC KOMORSKY'S REPLY MEMORANDUM
IN FURTHER SUPPORT OF HIS MOTION
TO EXTEND CERTAIN COURT ORDERED DEADLINES**

Defendant, Marc Komorsky ("Komorsky") by and through his attorneys, the Leto Law Firm and the Roth Law Firm, PLLC, files this reply memorandum of law in further support of his motion to extend certain deadlines contained in the Pretrial Scheduling Order And Order Referring Case To Mediation entered on October 28, 2025 (the "Scheduling Order").

**KOMORSKY WITHDRAWS HIS REQUEST TO AMEND THE DATE
IN WHICH TO PROVIDE REBUTTAL EXPERT WITNESS INFORMATION**

Upon closely reviewing the expert witness report of Mr. F. Harley Norwitch, submitted on behalf of Co-Defendant Brett Gorman ("Gorman"), and being familiar with Mr. Norwitch, Komorsky withdraws his application to change the date upon which to submit a rebuttal report. Therefore, that portion of the motion is moot. Similarly, as the parties consent or do not oppose the extension of the discovery deadlines, as set forth in the initial motion papers, the Court should grant the motion to extend the discovery deadline, particularly where, as set forth below: (i) the authority provided by Trustmark in its opposition papers *supports* the extension; (ii) any delay is the fault of Trustmark and not Komorsky; and (iii) because discovery will be extended

1

on consent, there is no prejudice. Thus, the only disputed issue before the Court is whether to extend the date upon which to extend any pleading amendment.

In short, the motion to extend the deadline to amend is the result of Trustmark dodging its timely noticed deposition. By their opposition papers, both Gorman and Trustmark Insurance Company ("Trustmark") concede the following: (i) on October 13, 2025 - weeks before the Court even held its preliminary conference - Komorsky served a request to take a Rule 30(b)(6) deposition of Trustmark on enumerated topics alleged in Trustmark's Complaint and noticed the deposition date for November 5, 2025; and (ii) the several month delay in taking that deposition is due to ***no fault*** of Komorsky. Indeed, Trustmark concedes, as it must, notwithstanding the fact it received the deposition notice on ***October 13, 2025***, it did not make a witness available until, at the earliest, January 27, 2026, ***over fifteen weeks later*** and well into the deadline to amend that Komorsky seeks to extend (Trustmark Opp. Pg. 2 ("[i]n order to be as efficient as possible with scheduling, can you provide collective availability of counsel between January 27 and February 25? We can then confirm dates with our client");[1] and (iii) while Komorsky's counsel was ready, willing and able to schedule the deposition commencing November and responded that it was prepared to depose Trustmark on many of the dates offered by Trustmark, Gorman's counsel was not, stating he was "available only on three of the 13 dates. Exhibit A-1 and Exhibit A-2." (Trustmark Opp, pg. 2). Trustmark continued:

> Of those three dates, the undersigned had a conflict on one but offered both of the other dates for the deposition (February 23 and 24). *See* **Exhibit A-4** ("Of these dates we offered, Mr. Thomas's office indicated he had availability only on 2/6, 2/23 and 2/24. Both my client and I have conflicts on 2/6, so the only dates left where all counsel had availability are 2/23 and 2/24. We understand Mr. Thomas now has a conflict on 2/24 so we are left with 2/23 as the only date where all counsel are available.") (emphasis omitted).

---

[1] And as set forth in the motion papers, that response came after numerous requests from Komorsky during those several months.

Trustmark Opp., pg. 2. Thus, not until it became apparent that Trustmark and Gorman were delaying that deposition, right after the New Year on January 8, 2026 (Trustmark Opp., pg. 4; Exh. A-1) did Komorsky find it necessary to raise the issue with counsel as he had believed the parties were together in good faith to schedule Trustmark's deposition. Certainly, Komorsky cannot be faulted for the other parties' refusal to work through discovery.

Accordingly, both Trustmark and Gorman's counsel continued to put off that deposition date. Indeed, it has now been scheduled for February 24, 2026 – nineteen weeks and three days after it was noticed. None of those facts are in dispute and are confirmed by both papers in opposition to the motion.

## ARGUMENT

## KOMORSKY HAS DEMONSTRATED GOOD CAUSE TO AMEND

Trustmark[2] is correct that Federal Rule of Civil Procedure 6(b)(1)(B) provides that "on motion made after the time has expired if the party failed to act because of excusable neglect" the court may, for good cause, extend the time for an act that must be done within a specified time. (emphasis added). Where the party demonstrates good cause and excusable neglect, the extension will be granted. *Estate of Miller ex rel. Miller v. Thrifty Rent-A-Car System, Inc.*, 609 F.Supp.2d 1235, 1252 (M.D. Fla. 2009).

While Gorman's opposition papers do not address the issue, Trustmark asserts that Komorsky failed to demonstrate excusable neglect because it waited until January 29, 2026, to make the motion. As set forth above, the reason is simple; Komorsky was the only party seeking

---

[2] This Reply addresses Trustmark's Opposition because the sum total of Gorman's Opposition to an extension of the deadline to amend is as follows: "Gorman does not see how [Trustmark's Deposition] may lead to the need for further discovery." Gorman Opp. at 8. Of course, the deposition topics include Trustmark's communications with Gorman which may identify unknown causes of action by Komorsky against Gorman.

that deposition for months beginning in October 2025 and was being delayed by Trustmark and later, by Gorman.  In short, Komorsky was entitled to take that deposition within, at most a week or two of the date for which it had been noticed on November 5, 2025.

Further, while Trustmark cites to the four factors in determining whether excusable neglect exists, it provides no analysis of those factors because all factors weigh heavily in favor of Komorsky.  Indeed, with respect to the first factor, "the danger of prejudice to the nonmovant," Trustmark argues it will be prejudiced because its testimony will "potentially subject[] it to additional claims." Dkt. No. 31, Trustmark Opp. at pl. 6. Trustmark's argument is revealing in that it suggests Trustmark intentionally delayed its deposition by *fifteen weeks* until after the deadline to amend pleadings passed in order to avoid a claim by one of the parties.  This is the very reason Komorsky originally sought the deposition and seeks to move the deadline to amend pleadings until after Trustmark's deposition.

The second factor, "the length of the delay and its potential impact on judicial proceedings" also weighs in favor of Komorsky as *both Trustmark and Gorman consent to moving the discovery deadline.*  Thus, so long as that deadline is moved on consent, there is no delay. Further, this is a delay of two months, not two years. Certainly, it is undisputed that with regard to the third factor, that "the reason for the delay" was not "within the reasonable control of the movant"  as Trustmark has resisted Komorsky's efforts to timely be deposed. Fourth, *the only party* that has attempted to move this case, thereby acting in "good faith," is Komorsky.

And the authority upon which Trustmark relies is not only vastly different than the facts here but supports Komorsky's position. For example, in *Estate of Miller ex rel. Miller v. Thrifty Rent-A-Car System, Inc.*, 609 F.Supp.2d 1235, 1252 (M.D. Fla. 2009) the Court denied the amendment because it was seven months late (where "the Case Management and Scheduling

Order set a deadline of June 13, 2008 for amended pleadings … and [defendant] filed its Amended Answer on January 23, 2009"). That is not the case here. And in *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418–19 (11th Cir. 1998), the Eleventh Circuit affirmed a lower court decision based, in part, on counsel's delaying months before serving written discovery and ***never seeking to take depositions until three months after the deadline***. That is also not the case here. To the contrary, Trustmark has caused the delay here!

Similarly, in *Ashmore v. Sec'y, Dept. of Transp.*, 503 F. App'x 683, 685–86 (11th Cir. 2013), cited by Trustmark, the Eleventh Circuit was not even deciding a motion to extend a pleading amendment but was confronted with a motion to extend the discovery deadline.

Finally, and remarkably, Trustmark cites *Kennedy v. AmGuard Ins. Co.*, 2025 WL 303715, at *4 (S.D. Fla. Jan. 22, 2025).[3] In *Kennedy*, the Court granted this very motion, stating:

> [Defendant] could not have known it needed to withdraw its affirmative defenses ***until after the Kuczenski deposition***. ***The deposition did not occur until after the Scheduling Order's deadline to amend. And, for the same reasons, I find good cause exists to recommend modifying the scheduling order because [Defendant] has shown that the schedule could not be met despite [Defendant's] diligence.*** Therefore, I recommend permitting [Defendant] to amend its pleading …

*Id.* (emphasis added).

On the issue of good cause, Komorsky has met his burden. Indeed, there is no better authority than the case **Trustmark** cites. In *Stone Tech. (HK) Co., Ltd. v. GlobalGeeks, Inc.*,

---

[3] The only other two cases Trustmark cites to demonstrate Komorsky has not demonstrated good cause further support Komorsky's position or are not on point. In *Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009) the Court **granted** the motion to amend the discovery order ("good cause existed to amend the Case Management and Scheduling Order") and in *Pioneer Int'l (USA), Inc. v. Reid,* 2007 WL 4365637, at *2 (M.D. Fla. Dec. 12, 2007) the Court declined to extend the amendment deadline solely because it would necessitate extending the discovery deadline, which defendant opposed. Here, all parties have already stipulated to extend the discovery deadline. Thus, unlike in *Pioneer,* there is no prejudice and good cause has been shown.

5

2021 WL 86776, at *7 (S.D. Fla. Jan. 11, 2021), the primary case upon which Trustmark relies, the court *found* good cause, stating:

> Good cause exists when "evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline passed." *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007) (citation omitted) …
>
> After reviewing the timing and course of proceedings throughout this litigation, however, the Court finds that Defendant could not have sought leave to amend, despite the exercise of reasonable diligence, until after the expiration of the amendment deadline …. the Court concludes that Defendant should be granted leave to amend its Answer to the SAC in order to properly reassert its Counterclaim.

*Id.* at 7 – 8.

Trustmark also fails to apply the three-part test of good cause to the facts herein. First, and perhaps foremost, any amendment would be proper *because* Komorsky has been unable to ascertain facts due to Trustmark and Gorman's stonewalling. Trustmark makes a strange argument that Komorsky is to blame for not obtaining the discovery because he conducted no discovery other than the discovery he has sought since the beginning of the case. Trustmark Opp.at 7 (Komorsky has not sought discovery "*other than s*erving a notice of deposition [before the Initial Conference] in October 2025)." Trustmark's argument is unavailing because Trustmark's deposition *is* the discovery needed and that Trustmark has thwarted, for Komorsky to amend the complaint. Moreover, the Federal Rules expressly provide that "methods of discovery may be used in any sequence." Fed. R. Civ. P. 26(d)(3). It is not for Trustmark to argue how it would prefer that Komorsky conducts discovery.

Second, none of the information Komorsky seeks by deposition, including, *inter alia:* (1) Trustmark's communications with Gorman and the Decedent; (2) Trustmark's receipt and storage of the beneficiary forms at issue; and (3) its procedures for changes of beneficiaries, are available to Komorsky – that is why he is seeking Trustmark's deposition. The third element,

whether Komorsky delayed in asking for the amendment after acquiring the information also heavily weighs in Komorsky's favor as he still has not acquired *any information* concerning the twenty-seven noticed topics of deposition from Trustmark.

## CONCLUSION

Accordingly, for the reasons set forth herein and in the motion papers, Komorsky requests that one deadline – the deadline to amend the pleadings – be extended until one week after the deposition of Trustmark's witness, which is currently scheduled to take place on February 24, 2026.

Dated: February 13, 2026

Respectfully Submitted,

THE LETO LAW FIRM
By: */s/ Matthew P. Leto*
Matthew P. Leto
Florida Bar No. 104504
mleto@letolawfirm.com
2875 N.E. 191st Street
Suite 604
Aventura, FL 33180
T: (305) 341-3155

THE ROTH LAW FIRM, PLLC
By: *Richard Roth* (phv pending)
Richard A. Roth.
rich@rrothlaw.com
295 Madison Ave., Fl. 22
New York, NY 10017
T: (212) 542-8882
*Counsel for Defendant Marc Komorsky*

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on February 13, 2026, a true and correct copy of the forgoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via CM/ECF.

                                               */s/ Matthew P. Leto*
                                               MATTHEW P. LETO